Docket No. 11 Civ. 808 (JG)(VVP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROD PETERSON, a/k/a IMAN FAHIEM H. HAQQ,

                Plaintiff,

-against-

CITY OF NEW YORK, et al,

                Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)**

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York

*Attorney for Defendants City of New York and
New York City Police Department*
100 Church Street
New York, N.Y. 10007

Of Counsel: Boris Zeldin
Tel: (212) 788-1791

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 2

STATEMENT OF FACTS .................................................................................................... 3

STANDARD OF REVIEW ................................................................................................... 3

POINT I

PLAINTIFF MAY NOT MAINTAIN AN ACTION UNDER 42 U.S.C. § 1983 BECAUSE HE CANNOT ESTABLISH THAT HIS INJURIES WERE CAUSED BY CONDUCT COMMITTED UNDER THE COLOR OF STATE LAW .................................................. 5

POINT II

THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS LAWSUIT ........................................................... 8

POINT III

PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT CITY OF NEW YORK ................................. 9

POINT IV

THE NEW YORK CITY POLICE DEPARTMENT IS NOT A SUABLE ENTITY .................................................. 11

POINT V

TO THE EXTENT THAT PLAINTIFF'S COMPLAINT IS CONSTRUED AS BRINGING CLAIMS UNDER STATE LAW, THEY MUST BE DISMISSED FOR FAILURE TO COMPLY WITH N.Y. GEN. MUN. L. § 50-E ......................................... 12

CONCLUSION .................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**            **Pages**

Ambrose v. City of New York,
   623 F. Supp. 2d 454 (S.D.N.Y. 2009) .................................................................................. 3

Annis v. County of Westchester,
   136 F.3d 239 (2d Cir. 1998) ................................................................................................. 4

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009) .......................................................................................................... 2

Baez v. New York City Health and Hospitals Corp.,
   80 N.Y.2d 571, 592 N.Y.S.2d 640 (1992) ......................................................................... 11

Barchet v. New York City Transit Authority,
   20 N.Y.2d 1, 281 N.Y.S.2d 289 (1967) ............................................................................. 11

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) .............................................................................................................. 2

Bonsignore v. New York,
   683 F.2d 635 (2d Cir. 1982) ............................................................................................ 4, 6

Brown v. Metropolitan Transportation Authority,
   717 F. Supp. 257 (S.D.N.Y. 1989) .................................................................................... 11

Caceres v. Port Auth.,
   631 F.3d 620 (2d Cir. 2011) ................................................................................................. 8

Caracciola v. City of New York,
   95 Civ. 3896 (CSH), 1999 U.S. Dist. LEXIS 2983 at *30 (S.D.N.Y. Mar. 15, 1999) ............... 6

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) ................................................................................................. 3

Conopco, Inc. v. Roll Int'l,
   231 F.3d 82 (2d Cir. 2000) ................................................................................................... 3

Costello v. City of Burlington,
   632 F.3d 41 (2d Cir. 2011) ................................................................................................... 9

D'Antonio v. Metro. Transp. Auth.,
   06 cv 4283(KMW), 2008 U.S. Dist. LEXIS 16726 (S.D.N.Y. Mar. 4, 2008) .......................... 9

Emanuele v. Town of Greenville,
   143 F. Supp. 2d 325 (S.D.N.Y. 2001) ................................................................................. 4

**Cases**                                                                                                    **Pages**

Estes-El v. New York State DMV Office of Admin.
  Adjudication Traffic Violation Bureau,
  95 Civ. 3454 (JFK), 1997 U.S. Dist. LEXIS 8779 at *6-7 (S.D.N.Y. June 23, 1997) .............. 8

Felder v. Casey,
  487 U.S. 131, 108 S. Ct. 2302 (1988) .................................................................... 11

Hafer v. Melo,
  502 U.S. 21 (1991) ............................................................................................. 4

Houston v. Nassau County,
  08-CV-00197(JFB), 2011 U.S. Dist. LEXIS 10077 (E.D.N.Y. Feb. 2, 2011) ......................... 9

Int'l Audiotext Netword, Inc. v. AT&T Co.,
  62 F.3d 69 (2d Cir. 1995) .................................................................................... 3

Jenkins v. City of New York,
  478 F.3d 76, 93 (2d Cir. 2007) ............................................................................. 10

Johnson v. City of New York,
  05 Civ. 7519 (PKC), 2008 U.S. Dist. LEXIS 78984 (S.D.N.Y. Sept. 29, 2008) ................... 12

Kern v. City of Rochester,
  93 F.3d 38 (2d Cir. 1996) .................................................................................... 4

Leeds v. Meltz,
  85 F.3d 51 (2d Cir. 1996) .................................................................................... 2

Love v. Port Auth. of N.Y. & N.J.,
  562 N.Y.S.2d 110 (N.Y. App. Div. 1st Dep't 1990) ..................................................... 8

Lucente v. Int'l Bus. Machs. Corp.,
  310 F.3d 243 (2d Cir. 2002) ................................................................................. 10

Miqui v. City of New York,
  01 Civ. 4628 (FB)(VVP), 2003 U.S. Dist. LEXIS 22337 (E.D.N.Y. Dec. 5, 2003) ................ 5

Monell v. Department of Social Services,
  436 U.S. 658 (1978) ....................................................................................... 9, 10, 14

Moore v. City of New York,
  08 Civ. 8879 (PGG), 2010 U.S. Dist. LEXIS 19183 at *15 (S.D.N.Y. Mar. 1, 2010) ............... 7

Morton v. City of Albany,
  1:08-CV-1304 (TJM/RFT), 2009 U.S. Dist. LEXIS 73271 (N.D.N.Y. Aug. 19, 2009) ........... 6

| **Cases** | **Pages** |
|---|---|

Overhoff v. Ginsburg Development,
143 F. Supp. 2d 379 (S.D.N.Y. 2001) ............................................................................... 9

Patterson v. County of Oneida,
375 F.3d 206 (2d Cir. 2004) ................................................................................... 4, 5, 6

Phillips v. Village of Frankfort,
31 Misc.2d 815, 220 N.Y.S.2d 171 (Sup. Ct. 1961) ...................................................... 11

Pitchell v. Callan,
13 F.3d 545 (2d Cir. 1994) ............................................................................................. 5

Polk County v. Dodson,
454 U.S. 312 (1981) ....................................................................................................... 4

Richardson v. City of New York,
285 F. Supp. 2d 303 (E.D.N.Y. 2003) .......................................................................... 10

Robinson v. Matos,
No. 97 Civ. 7144 (TPG), 1999 U.S. Dist. LEXIS 5447 (S.D.N.Y. April 16, 1999) ................. 11

Rodriguez v. City of New York,
02 Civ. 8203 (SAS), 2004 U.S. Dist. LEXIS 3765 at *15 (S.D.N.Y. Mar. 9, 2004) ............. 7, 8

Samuels v. Air Transp. Local 504,
992 F.2d 12 (2d Cir. 1993) ............................................................................................. 3

Screws v. United States,
325 U.S. 91 (1945) ......................................................................................................... 5

Shakur v. McGrath,
517 F.2d 983 (2d Cir. 1975) ......................................................................................... 11

Silberstein v. County of Westchester,
92 A.D.2d 867, 459 N.Y.S.2d 838 (2d Dep't 1983),
aff'd, 62 N.Y.2d 675, 476 N.Y.S.2d 291 ....................................................................... 11

Spagnola v. Chubb Corp.,
574 F.3d 64 (2d Cir. 2009) ............................................................................................. 3

Stoeckley v. City of New York,
700 F. Supp. 2d 489 (S.D.N.Y. 2010) ............................................................................ 5

Trinidad v. City of New York,
CV-06-3002 (LB), 2006 U.S. Dist. LEXIS 51776 (E.D.N.Y. Jul. 7, 2006) ..................... 9

**Cases**                                                   **Pages**

United States v. Classic,
   313 U.S. 299 (1941) .................................................................................................... 4

United States v. Temple,
   447 F.3d 130 (2d Cir. 2005) ........................................................................................ 4

West v. Atkins,
   487 U.S. 42, 49-50 (1988) .......................................................................................... 4

**Statutes**

42 U.S.C. §1983 ................................................................................................... 1, 3, 4, 5, 6, 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 2, 3

Local Rule 7.1(c) ................................................................................................................... 6

N.Y. Gen. Mun. L. § 50-e ............................................................................................... 11, 12

N.Y. Gen. Mun. L. § 50-e(1)(b) ........................................................................................... 11

NY C/S Pub. A 1263 .............................................................................................................. 7

NYC Charter Chapter 17, §396 ........................................................................................... 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
ROD PETERSON, a/k/a IMAN FAHIEM H. HAQQ,

                                                      Plaintiff,

                -against-

NEW YORK CITY POLICE DEPARTMENT and THE CITY    11 Civ. 808 (JG)(VVP)
OF NEW YORK, PORT AUTORITY BRIDGES AND
TUNNELS, EDDIE CRESPO- transportation police officer,
ALBERT MELENDEZ- Bridge & tunnel employee officer

                                                   Defendants.
------------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12((B)(6)**

## PRELIMINARY STATEMENT

      Plaintiff Rod Peterson, brings this action pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights. Specifically, plaintiff alleges that he was attacked on or about December 9, 2010 while riding the subway. The complaint names the New York City Police Department ("NYPD"), the City of New York (herein referred to collectively as "City defendants"), the Port Authority, Eddie Crespo and Albert Melendez as defendants.

      The City defendants now submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff's alleged injury was not caused by acts performed under the color of state law, (2) the City of New York is not a proper party to this lawsuit; (3) plaintiff has failed to allege facts which demonstrate that his alleged injury was caused by a policy or custom of the City of New York; (4) the NYPD is a non-sueable entity; and (5) any state law claims must be dismissed for failure to file a notice of claim.

## STATEMENT OF FACTS

Plaintiff, Rod Peterson a/k/a Iman Faheim H. Haqq, alleges that on December 9, 2010, he was assaulted by defendants Albert Melendez and Eddie Crespo as he was riding the "A" line of the New York City subway. See Plaintiff's complaint, annexed to the Declaration of Boris Zeldin dated May 16, 2011 (hereafter "Zeldin Decl."), as Exhibit "A," p. 2-3. Plaintiff also claims that Crespo and Melendez made anti-Muslim slurs throughout the attack and then punctuated the incident by taking off plaintiff's prayer cap and throwing it onto the tracks. Id.

As a result of this incident, on February 9, 2011 plaintiff filed the instant lawsuit in the Federal District Court for the Eastern District of New York. Id. In the caption of the complaint, plaintiff identifies defendant Crespo as a "transportation police officer" and defendant Melendez as a "Bridge & tunnel employee officer." Id. at Caption. Moreover, in the body of the complaint, in a section entitled "Statement of Local News Facts", it is alleged that defendant Crespo has been a "Metropolitan Authority bridge and tunnel officer for five years . . . ." Id. at 3-4. Plaintiff's complaint further alleges that defendant Crespo is "a five-year MTA officer." Id. at 5.

## STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. (12)(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Id. "In order to survive a motion to dismiss, a Complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "The Supreme Court has held that while a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ambrose v. City of New York, 623 F. Supp. 2d 454, 463 (S.D.N.Y. 2009) (internal alterations and quotation marks omitted). A court should therefore dismiss a Complaint when it appears that a plaintiff has failed to plead a plausible claim of relief. See Spagnola v. Chubb Corp., 574 F.3d 64, 67 (2d Cir. 2009). Similarly, a motion under FED. R. CIV. P. (12)(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the Complaint. Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000).

In deciding such a motion, a Court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken . . . ." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993); see also Int'l Audiotext Netword, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam). For purposes of dismissal, the Complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting Int'l Audiotext, 62 F.3d at 72).

For the reasons set forth herein, it is respectfully submitted that the Court should dismiss the complaint pursuant to Rule 12(b)(6) for failure to set forth facts sufficient to support a claim under Section 1983.

## POINT I

### PLAINTIFF MAY NOT MAINTAIN AN ACTION UNDER 42 U.S.C. § 1983 BECAUSE HE CANNOT ESTABLISH THAT HIS INJURIES WERE CAUSED BY CONDUCT COMMITTED UNDER THE COLOR OF STATE LAW.

In order to bring a claim under 42 U.S.C § 1983, a plaintiff must first show that he has been deprived of a constitutional right and that this deprivation was caused by a defendant acting "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia." 42 U.S.C. § 1983; see also Hafer v. Melo, 502 U.S. 21, 25-26 (1991); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998); Emanuele v. Town of Greenville, 143 F. Supp. 2d 325, 331 (S.D.N.Y. 2001). However, naming a government employee as a defendant "does not automatically mean that [a defendant's] actions [were] taken under the color of state law." Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996). Rather, "[a] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (citing United States v. Classic, 313 U.S. 299, 326 (1941)); see also United States v. Temple, 447 F.3d 130, 138 (2d Cir. 2005).

Generally, a "public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Patterson v. County of Oneida, 375 F.3d 206, 230 (2d Cir. 2004) (citing West v. Atkins, 487 U.S. 42, 49-50 (1988)). Thus, only acts "committed in the performance of [an] actual or pretended duty" will fall within the scope of state action under § 1983. Bonsignore v. New York, 683 F.2d 635, 639 (2d Cir. 1982) (internal citations omitted). Where a defendant acts "in the ambit of [his] personal

pursuits," such acts do not give rise to § 1983 liability. Id. at 638-39 (citing Screws v. United States, 325 U.S. 91, 111 (1945)). See also Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994).

In the instant case, the alleged conduct of defendants Melendez and Crespo was not performed under the color of state law. First, nowhere in the complaint does plaintiff allege that either Crespo or Melendez wore a uniform or identified himself as a law enforcement officer. See Exhibit A. In fact, the individual defendants are initially identified only as "two unknown men," indicating that plaintiff only learned that they were purportedly government employees and/or law enforcement officers after the incident was over. See Exhibit A. As such, it cannot be said that either man was acting in an "official capacity." See Stoeckley v. City of New York, 700 F. Supp. 2d 489, 494 (S.D.N.Y. 2010) (Dismissing § 1983 claim where there was no indication that defendant officer "was on duty, or that he exhibited a badge or identified himself as a police officer during the entire course of the incident" and the "complaint suggest[ed] strongly that the first plaintiffs learned that [defendant] was a police officer was after the incident had concluded."); Miqui v. City of New York, 01 Civ. 4628 (FB) (VVP), 2003 U.S. Dist. LEXIS 22337, at *13-14 (E.D.N.Y. Dec. 5, 2003) (where plaintiffs conceded that officer was off-duty, was out of uniform, and did nothing to announce his position as a police officer, no liability under § 1983 can exist).[1] Moreover, plaintiff alleges that the attack happened on the "A" line subway train. Exhibit A at p. 2-3. Since the "A" train is a public area which can be accessed by anyone with a Metrocard, the alleged assault cannot be said to have been "made possible only because the wrongdoer [was] clothed with the authority of state law." See Dodson, 454 U.S. at 317-18. Finally, plaintiff does not claim and cannot show that, by assaulting him, defendants Melendez and Crespo were either purporting to carry out their "responsibilities

- 6 -

pursuant to state law," or acting within the scope of an "actual or pretended duty." See Exhibit A; Patterson,, 375 F.3d 206, 230. Bonsignore, 683 F.2d 635, 639. To the contrary, plaintiff's allegation that the attack was a "hate crime" indicates that the dispute was personal and supports the conclusion that if defendants Melendez and Crespo did attack plaintiff, their actions were those of a private citizen acting in the "ambit of his personal pursuits." See Morton v. City of Albany, 1:08-CV-1304 (TJM/RFT), 2009 U.S. Dist. LEXIS 73271 at *20 (N.D.N.Y. Aug. 19, 2009) (Dismissing § 1983 claim after finding that "the allegations indicate[d] that the conduct was in pursuit of a private dispute" and defendant did not act under color of state law); Caracciola v. City of New York, 95 Civ. 3896 (CSH), 1999 U.S. Dist. LEXIS 2983 at *30 (S.D.N.Y. Mar. 15, 1999) (Dismissing § 1983 claim against off duty officer because the "car accident and ensuing argument clearly fall within the ambit of [defendant]'s personal pursuits."). Moreover, plaintiff fails to allege that defendants Crespo and Melendez were attempting to arrest him, or otherwise acting in furtherance of their duties, at the time plaintiff was purportedly attacked. See Exhibit A. In fact, the complaint asserts that defendants Crespo and Melendez were arrested as a result of the incident, while there is no allegation that plaintiff was arrested. Id. at 2-6. Accordingly, the alleged actions of defendants Melendez and Crespo, if true, were not committed under the color of state law and cannot be the basis of a § 1983 claim. See Bonsignore, 683 F.2d at 638-39.

---

[1] In accordance with Local Civil Rule 7.1(c), copies of all electronically published decisions are appended to the copy of this Memorandum of Law served on plaintiff, who is proceeding *pro se*.

## POINT II

### THE CITY OF NEW YORK IS NOT A PROPER PARTY TO THIS LAWSUIT

In his complaint, plaintiff alleges that defendant Eddie Crespo is a Metropolitan Transportation Authority bridge and tunnel officer" and a "five-year MTA officer." Exhibit A at p.4-5. The Metropolitan Transportation Authority ("MTA") is a "public benefit corporation, created and operated pursuant to the Public Authorities Law of the State of New York," and "is considered a state agency under New York Law." D'Antonio v. Metro. Transp. Auth., 06 cv 4283(KMW), 2008 U.S. Dist. LEXIS 16726 at *4 (S.D.N.Y. Mar. 4, 2008). See also, NY CLS Pub A § 1263. As such, even if defendant Crespo is employed by the MTA, and even if there was some state action, he is a state employee and the City of New York cannot be held liable for his alleged actions. See, e.g., Moore v. City of New York, 08 Civ. 8879 (PGG), 2010 U.S. Dist. LEXIS 19183 at *15 (S.D.N.Y. Mar. 1, 2010) (Dismissing § 1983 claims against the City of New York where the complaint alleged acts committed by Department of Education Employees because "the City and the DOE are distinct governmental entities."); Rodriguez v. City of New York, 02 Civ. 8203 (SAS), 2004 U.S. Dist. LEXIS 3765 at *15 (S.D.N.Y. Mar. 9, 2004) (Dismissing § 1983 claim against City of New York since City cannot be held liable for actions of a state employee).

Unfortunately, plaintiff is less specific in regard to his allegations about defendant Melendez. Although Melendez is identified as a "Bridge & tunnel employee officer" in the caption of the complaint, plaintiff fails to specify the agency which supposedly employees him. Exhibit A at p.1. Thus, City Defendants can only speculate that the possible candidates are: the

Port Authority of New York and New Jersey ("Port Authority"),[2] the MTA,[3] and the Triborough Bridge and Tunnel Authority ("TBTA"). As explained, *supra,* the MTA is a state agency. The "Port Authority, [is] a bi-state agency created by a compact between New York and New Jersey. . . ." Caceres v. Port Auth., 631 F.3d 620, 624 (2d Cir. 2011). See also Love v. Port Auth. of N.Y. & N.J., 562 N.Y.S.2d 110, 111 (N.Y. App. Div. 1st Dep't 1990)("Port Authority functions as a State agency"). And similarly, "the TBTA is an independent state agency, not a City agency." Estes-El v. New York State DMV Office of Admin. Adjudication Traffic Violation Bureau, 95 Civ. 3454 (JFK), 1997 U.S. Dist. LEXIS 8779 at \*6-7 (S.D.N.Y. June 23, 1997). Consequently, assuming *arguendo,* that defendant Melendez is employed by one of these agencies, his actions cannot render the City of New York liable under § 1983. See Moore, 2010 U.S. Dist. LEXIS 19183 at \*15; Rodriguez, 2004 U.S. Dist. LEXIS 3765 at \*15; Estes-El, 1997 U.S. Dist. LEXIS 8779 at \*6-7 ("the City ... cannot be held liable for the alleged acts of ... TBTA officers.").

### POINT III

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT CITY OF NEW YORK

Even assuming, *arguendo*, that plaintiff had alleged that defendants Crespo and Melendez were employees of the City of New York and acted under the color of state law, plaintiff's claim against defendant City of New York must also fail because his complaint fails to

---

[2] The Port Authority is named as a defendant in the complaint and defendant Crespo is explicitly alleged to be an MTA employee. Exhibit A at p.4. Thus, only the actions of defendant Melendez could present a basis for liability on behalf of the Port Authority and present a reason to name them in this suit.

[3] A possibility since elsewhere in the complaint plaintiff identifies defendant Crespo as a "Metropolitan Transportation Authority bridge and tunnel officer." Exhibit A at p. 4.

articulate any of the grounds for municipal liability required by <u>Monell v. Department of Social Services</u>, and its progeny.  436 U.S. 658 (1978).  In <u>Monell</u>, the Supreme Court held that a municipality cannot be held vicariously liable under § 1983 for constitutional torts committed by its employees.  436 U.S. at 694.  Rather, a plaintiff seeking to impose municipal liability must demonstrate that the constitutional harm suffered was the result of a municipal policy or custom.  <u>Id.</u> at 690-91.

The complaint in the instant matter does not identify a policy or custom that existed at the time of the incident.  In fact nowhere in the complaint does plaintiff allege the existence of any policy or custom, nor does he claim that any such policy directly violated his rights. <u>See</u> Exhibit A.  Where a plaintiff fails to identify the existence of a municipal policy or custom that caused an alleged constitutional violation, any claims against the municipality must be dismissed. <u>See, e.g.</u>, <u>Costello v. City of Burlington</u>, 632 F.3d 41, 49 (2d Cir. 2011) (affirming dismissal of *pro se* plaintiff's <u>Monell</u> claim since "the complaint does not allege facts sufficient to show that the 'the violation of his constitutional rights resulted from a municipal custom or policy.'")(citation omitted); <u>Houston v. Nassau County</u>, 08-CV-00197 (JFB), 2011 U.S. Dist. LEXIS 10077, at *13-14 (E.D.N.Y. Feb. 2, 2011)(dismissing <u>Monell</u> claim since *pro se* plaintiff "has failed to identify any policy or custom that is the basis for such a claim in connection with the alleged violation of his constitutional rights."); <u>Overhoff v. Ginsburg Development</u>, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing complaint against municipality pursuant to 12(b)(6) where plaintiff failed to plead a <u>Monell</u> claim).  Moreover, plaintiff's complaint alleges only a single incident involving actors below the policy-making level.  See Exhibit A.  This is insufficient to establish municipal liability as a matter of law.  <u>See</u> <u>Trinidad v. City of New York</u>, CV-06-3002 (BMC)(LB), 2006 U.S. Dist. LEXIS 51776, at *8 (E.D.N.Y. Jul. 7, 2006) ("A

single incident alleged in a complaint, especially a single incident involving only actors below the policymaking level, …will not suffice to raise an inference of the existence of a custom or policy") (citations omitted).

Additionally, as discussed in Parts I and II, supra, even assuming, *arguendo*, that plaintiff's civil rights were violated, the violations were not committed under the color of state law nor by defendant City's employees and therefore any application by plaintiffs to amend the complaint to plead a Monell claim would be futile. See, e.g., Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (leave to amend may be denied where proposed claim would not survive a motion to dismiss).

## POINT IV

### THE NEW YORK CITY POLICE DEPARTMENT IS NOT A SUABLE ENTITY

Plaintiff's claims against the New York City Police Department should also be dismissed because it is not a suable entity. As a matter of clearly established law, the constituent agencies of the City of New York are not subject to suit. Chapter 17, § 396 of the New York City Charter provides, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency …." Therefore, the New York City Police Department, as a municipal agency of the City of New York, is not a suable entity, and thus, any claims brought against it must be dismissed. See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93, n.19 (2d Cir. 2007); Richardson v. City of New York, 285 F. Supp. 2d 303, 304 (E.D.N.Y. 2003).

## POINT V

### TO THE EXTENT THAT PLAINTIFF'S COMPLAINT IS CONSTRUED AS BRINGING CLAIMS UNDER STATE LAW, THEY MUST BE DISMISSED FOR FAILURE TO COMPLY WITH N.Y. GEN. MUN. L. § 50-e.

Under New York law, when suing the City or its employees, a notice of claim is required pursuant to N.Y. Gen. Mun. L. § 50-e(1)(b). Gen. Mun. L. §§ 50-e requires that plaintiffs asserting state tort law claims against a municipal entity or its employees acting in the scope of employment must file a notice of claim within ninety days after the incident giving rise to the claim. Gen. Mun, L. §§ 50-e.

Gen. Mun. L. §§ 50-e has been strictly construed by both state and federal courts. See Baez v. New York City Health and Hospitals Corp., 80 N.Y.2d 571, 576, 592 N.Y.S.2d 640 (1992); Phillips v. Village of Frankfort, 31 Misc.2d 815, 220 N.Y.S.2d 171 (Sup. Ct. 1961); Shakur v. McGrath, 517 F.2d 983, 985 (2d Cir. 1975). "A plaintiff's failure to file a notice of claim requires dismissal of pendent state tort claims against the City or its employees in a federal civil rights action." Robinson v. Matos, No. 97 Civ. 7144 (TPG), 1999 U.S. Dist. LEXIS 5447, at *4 (S.D.N.Y. April 16, 1999) (citing Felder v. Casey, 487 U.S. 131, 151, 108 S. Ct. 2302, 2313 (1988)). Specifically, failure to comply with this requirements requires a dismissal for failure to state a cause of action. Brown v. Metropolitan Transportation Authority, 717 F. Supp. 257, 259 (S.D.N.Y. 1989). This is because a notice of claim is a statutory precondition to suit against a municipality or any of its officers, agents or employees. Gen. Mun. L. §§ 50-e; Barchet v. New York City Transit Authority, 20 N.Y.2d 1, 6, 281 N.Y.S.2d 289, 292 (1967). The failure to comply with this condition is grounds for dismissal of the action. See Silberstein v. County of Westchester, 92 A.D.2d 867, 459 N.Y.S.2d 838 (2d Dep't 1983), *aff'd,* 62 N.Y.2d 675, 476 N.Y.S.2d 291 (1984).

Upon information and belief plaintiff has not filed a notice of claim in relation to the instant matter. Plaintiff alleges that this incident occurred on December 9, 2010. Thus, pursuant to N.Y. Gen. Mun. L. § 50-e, plaintiff was required to file a Notice of Claim by March 9, 2011. Thus, to the extent that plaintiff asserts state law claims, they must be dismissed. Even assuming, *arguendo*, that plaintiff had filed a notice of claim, any state law claims should be dismissed since (1) plaintiff has not alleged that defendants Melendez and/or Crespo were City employees at the time of the incident; and (2) even, assuming, *arguendo*, that they were City employees, any reading of the complaint shows that defendants Melendez and Crespo were not acting within the scope of their employment and that their conduct was not generally foreseeable or a natural incident of their purported employment. See, e.g., Johnson v. City of New York, 05 Civ. 7519 (PKC), 2008 U.S. Dist. LEXIS 78984 at *36-37 (S.D.N.Y. Sept. 29, 2008)(employer may only be liable for employee's actions if employee was acting within scope of employment and "the tortious conduct is generally foreseeable and a natural incident of the employment.")(citations omitted).

## CONCLUSION

For the reasons set forth herein, the City defendants respectfully request that this Court enter an order dismissing the claims against them in the entirety, and granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
May 16, 2011

                     MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street, Room 3-170(f)
New York, New York 10007
(212) 788-1791

By: _____
BORIS ZELDIN
Special Assistant Corporation Counsel
Special Federal Litigation Division

TO:  BY MAIL
**ROD PETERSON**
POST OFFICE BOX 341264
JAMAICA, NY 11434
PRO SE

CC:  By E.C.F.
**Megan Lee**
The Port Authority of New York & New Jersey
225 Park Avenue South
13th Floor
New York, NY 10003

## DECLARATION OF SERVICE

I, Boris Zeldin declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **May 16, 2011** I served the annexed **MEMORANDUM OF LAW IN SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

> Rod Peterson
> Plaintiff Pro se
> Post Office Box 341264
> Jamaica, NY 11434

Dated: New York, New York
       May 16, 2011

_____
BORIS ZELDIN
Special Assistant Corporation Counsel
Special Federal Litigation Division